IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY M. STANFORD and LANNIE STANFORD, <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTIAN M. MITCHELL and STATE FARM FIRE & CASUALTY COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 2:05CV674-F ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, State Farm Fire & Casualty Company ("State Farm"), defendant in the above-styled action, files this Notice of Removal of the foregoing cause to the United States District Court for the Middle District of Alabama, Northern Division. As grounds which entitle it to removal, State Farm respectfully represents the following:

I. **THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

1. Plaintiffs Dorothy Stanford and Lannie Stanford instituted the above styled action in the Circuit Court of Barbour County, Alabama, Eufaula Division, which is in Alabama's Third Judicial Circuit. The complaint seeks unspecified damages from State Farm for conversion of their automobile following an automobile accident, and against Defendant Christian Mitchell ("Mitchell") for bodily injuries arising out the automobile accident. The suit was filed on or about June 21, 2005, and bears case number CV-2005-108.

- 1 -

2. State Farm was served with plaintiffs' summons and complaint on June 22, 2005. Mitchell was served on June 27, 2005.

3. This is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

4. The first receipt by any of the defendants of the summons and complaint, by service or otherwise, occurred less than thirty days before the filing of this Notice of Removal. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

5. The time in which defendants are required by state law or rules of court to answer or plead to the complaint has not expired.

## II. THE PARTIES TO THIS ACTION ARE OF DIVERSE CITIZENSHIP.

6. Plaintiffs are citizens of Lee County, Alabama.

7. State Farm is now and was at the time of the filing of Plaintiffs' complaint, and all times intervening, a citizen of the State of Illinois.

8. Mitchell is now and was at the time of filing of Plaintiffs' complaint, and at all times intervening, a citizen of the State of Kentucky.

9. The controversy in this civil action is wholly between citizens of different states. The controversy between the parties can be fully determined in this case. State Farm knows of no change in citizenship of these parties that has occurred since the commencement of this suit.

## III. THE AMOUNT IN CONTROVERSY EXCEEDS THIS COURT'S JURISDICTIONAL MINIMUM

10. The amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. This is a personal injury and conversion case wherein Plaintiffs allege personal injury arising out of the automobile accident, and seek compensatory and punitive damages arising out of their alleged bodily injuries and conversion of their automobile by State Farm.

11. Compensatory and punitive damage awards in cases asserting intentional tort claims routinely exceed the jurisdictional minimum. The Circuit Court of Barbour County, Alabama is the origin of more than its fair share of extremely high verdicts in intentional tort cases, especially against insurance companies, and multi-million dollar verdicts far in excess of the jurisdictional minimum are commonplace. See *Affidavit of Courtney R. Potthoff*, attached at Exhibit A. A State Farm affiliate's most recent experience in the Barbour County Circuit Court is a prime example. In 2003, a Barbour County Circuit Court jury awarded $15,000 in compensatory damages and $200,000 in punitive damages in a fraud case against State Farm Mutual Auto Insurance Company. Although the punitive damage award was ultimately reversed by the appellate court, the case nonetheless illustrates the important point that even claims of seemingly questionable validity can result in substantial verdicts in excess of the minimum. See State Farm Mut. Auto Ins. Co. v. Nix, 888 So. 2d 489 (Ala. 2004).

13. There are also notable verdicts from around the state in conversion cases. Roberson v. Ammons, 477 So. 2d 957 (Ala. 1986) involved the conversion of

an automobile by a lender. The jury awarded compensatory damages in the amount of $1,380 and punitive damages in the amount of $100,000.

Liberty National Life Insurance Company v. Caddell, 701 So. 2d 1132 (Ala. 1997) is a Bullock County conversion case wherein the plaintiff alleged an insurance company wrongly converted his funds when it electronically collected premiums from his checking account after he had asked the company to cash in his policy. Even though the carrier had refunded the premiums, the jury awarded compensatory damages of $50,000 (for mental anguish only) and punitive damages of $100,000. Bullock County is also part of the Third Judicial Circuit.

Again, there is ample evidence that the amount in controversy here exceeds $75,000.

14. In addition, compensatory and punitive damage awards in bodily injury cases routinely exceed the jurisdictional minimum. See, e.g., Keibler-Thompson Corporation v. Steading, 2005 WL 327572 (Ala., Feb. 11, 2005) ($500,000.00 verdict in favor of defendant's employee who was injured when a board fell through a crusted slag); Shiv-Ram, Inc. v. McCaleb, 892 So. 2d 299 (Ala. 2003) ($676,572.82 verdict against corporation after plaintiff was injured when ankle struck sharp object that was part of bed frame).

15. Under the authority of Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), the defendant only has the burden to prove that the amount in controversy requirement has been met by a "preponderance of the evidence" where, as in this case, the plaintiff makes an unspecified demand for damages. It is clear that the

amount in controversy in this action is in excess of the Court's $75,000.00 jurisdictional limit, exclusive of interest and costs.

## IV.   THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332.

16.   As set forth above, diversity of citizenship exists between the parties in this case and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. § 1332 and 1446, this case is removable to this Court.

17.   Mitchell consents to this removal, and will file a notice of consent separately.

18.   A certified copy of the complete record in this matter is attached as Exhibit "B."

19.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to Plaintiffs together with a copy of the Notice of Removal, which will also be filed with the Clerk of the Circuit Court of Barbour County, Alabama, Eufaula Division.

WHEREFORE, State Farm prays that this action be removed to this Court from the Circuit Court of Barbour County, Alabama, Eufaula Division.

Respectfully submitted,

State Farm Fire and Casualty Company

By: _____
Joel P. Smith, Jr. (SMI 192)
One of the Attorneys for Defendant
State Farm Fire and Casualty Company

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
    & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone   (334) 687-5834
Facsimile   (334) 687-5722

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of July, 2005, served a copy of the above and foregoing Notice of Removal upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

Russell Irby, Esq.
Irby Law Firm
P.O. Box 910
Eufaula, Alabama 36072-0910

James T. Gullage, Esq.
P. O. Box 711
Opelika, Alabama 36803-0230

Ronald G. Davenport, Esq.
Rushton, Stakely, Johnston & Garrett

P.O. Box 270
Montgomery, Alabama 36101-0270

_____
Of Counsel