


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY M. STANFORD and LANNIE STANFORD,

Plaintiff,

vs.

CIVIL ACTION NO.

CHRISTIAN M. MITCHELL and STATE FARM FIRE & CASUALTY COMPANY,

Defendants.

AFFIDAVIT OF COURTNEY R. POTTHOFF

Before me, the undersigned authority, personally appeared Courtney R. Potthoff, to me known, and first being duly sworn on oath, deposed and said:

"My name is Courtney R. Potthoff and I am a practicing attorney in the State of Alabama. I have been practicing law, primarily in the Third Judicial Circuit of the State of Alabama, since 1994. This affidavit is based upon my personal knowledge and experience as an attorney and is given in support of the defendant State Farm Fire & Casualty Company's Notice of Removal filed in the above referenced action.

The following is a brief outline of some of the verdicts rendered in cases which have been tried before juries in the Third Judicial Circuit of the State of Alabama and which involved allegations against insurance companies or large corporations. Most of these cases involved minimal compensatory damage claims which resulted in significant adverse verdicts against the defendant.

In August of 1994, a Barbour County Clayton Division jury returned a verdict in favor of the plaintiff Frank Fenn and against the defendant Liberty National Insurance Company in the amount of $2,500,000. This case, CV-99-026, involved allegations that the insurance agent had misrepresented that the value of the policy would go up each year, that the amount placed in the fund

would go up each year, and that the plaintiff's wife would get $1,500 plus increases in the fund plus the cash value of the policy in the event of plaintiff's death, and that the premiums for the policy would remain $75 per month and never increase.

On or around January of 1999, a Barbour County Clayton Division jury returned a verdict in favor of the plaintiff Elnora Sewell and against Alfa Insurance Corporation in the amount of $875,000. This case, CV-96-032, involved allegations against Alfa of a pattern and practice to defraud plaintiff and other policyholders in connection with the sale of an interest sensitive life policy, referred to by plaintiff as a "vanishing premium."

In August of 2000, a Barbour County Clayton Division jury awarded the plaintiff Carter a judgment of $3,600,000 against Liberty National Insurance Company. In this case, CV-99-026, the plaintiff alleged that the agent had told him that his Life Plus Policy would pay its own premiums after the plaintiff had paid premiums for thirteen years.

In the case of Jackson v. Alfa Insurance Corporation which was tried in January of 2001 in the Clayton Division of Barbour County, Alabama, the jury returned a verdict in favor of the plaintiff in the amount of $5,500,000. This case, CV-99-167, involved allegations against Alfa of a pattern and practice to defraud plaintiff and other policyholders in connection with the sale of four universal life policies, referred to by plaintiff as a "vanishing premium."

In the case of Green v. Alfa Insurance Corporation which was tried in Bullock County, Alabama on or around December of 2001, the jury returned a verdict in favor of the plaintiff in the amount of $3,300,000. This case, CV-99-183, involved allegations against Alfa of a pattern and practice to defraud plaintiff and other policyholders in connection with the sale of an interest sensitive life policy, referred to by plaintiff as a "vanishing premium."

In the case of Adam Nix v. State Farm which was tried in the Clayton Division of Barbour County in 2003, the jury returned a verdict of $215,000 for the plaintiff of which $15,000 was for compensatory damages and $200,000 was punitive. This case, CV-99-167, involved allegations of fraud and breach of contract. Plaintiff Nix alleged he had procured coverage for his new vehicle when he called the local State Farm agent and spoke to her one of her staff members. He admitted he never paid a premium, but he thought it was all being taken care of because of his conversation with the agent's staff member. He wrecked his vehicle and State Farm did not pay the claim.

In the case of Jordon v. Rental Village which was tried in Bullock County in April of 2001, the jury returned a verdict of 1,500,000 in favor of the plaintiff. In this case, CV-99-39, Jordan rented a washer and dryer from the defendant. He wanted to pay off the account but he was told he could not and that he had to continue to make rental payments.

Other cases involving allegations against insurance companies resulted in verdicts in excess of $75,000. In a case, CV-91-04, filed in 1991 by Charlotte Jackson in the Clayton Division of Barbour County against Liberty National Insurance, a jury returned a verdict in the amount of $200,000 against Liberty National based on allegations that the agent misrepresented that the plaintiff's policy on her husband was still in force after she made only a partial payment of her quarterly premium.

Similarly, in the case of Gallant v. Prudential Insurance Company, CV-93-49, a Barbour County Eufaula Division jury returned a verdict in April of 1994 against the insurance company in the amount of $25,000,000 based on allegations that the agent misrepresented the cash value of the policy and the amount the policy would pay at age 65.

In other cases involving insurance fraud in connection with the sale of mobile homes, Bullock County juries have returned verdicts of $15,013,000 in favor of plaintiffs in the case of Parham v. Foremost and $7,000,000 in favor of the plaintiff in the case of Allums v. Foremost.

In White v. Georgia Casualty Insurance Company, a jury in the Clayton Division of Barbour County returned a verdict of $2,000,000 for the plaintiffs. This action, CV-84-037, arose from a motor vehicle collision in which Johnny C. White and his wife, May Elizabeth White, were injured. Mr. White was driving a gas delivery truck, within the scope of his employment, when his truck was hit by an automobile being driven by an uninsured motorist. The Whites argued they were never told they were entitled to stack coverage on the other vehicles insured by Georgia Casualty under the fleet policy owned by Mr. White's employer. Georgia Casualty did not agree they could stack coverage and offered Mr. White $7,500 to settle since it considered the claim worth only $10,000. The Whites sued Georgia Casualty alleging among other things misrepresentation of Mr. White's entitlement to stack.

On January 6, 2005, a Barbour County Clayton Division jury returned a verdict in favor of plaintiffs Carl Sutton, individually and Sutton Construction and Drywall Services, Inc. against the defendant Preferred Lease, a Captialwerks, LLC, in the amount of $9,000,000. In this case, CV-2003-05,

the plaintiffs were contacted by facsimile about an offer for a pre-qualified line of credit to purchase new or used equipment. The plaintiffs alleged that a representative of Capitalwerks even contacted vendors of equipment to verify financing was in place. However, the plaintiffs later learned financing was not available at the same terms represented in the facsimile.

Although the plaintiffs Dorothy M. Stanford and Lannie Stanford in the above referenced action do not set forth in their complaint a specific jury demand in excess of $75,000, the history of verdicts rendered by juries in connection with cases against insurance companies and large corporate defendants filed in Third Judicial Circuit supports the defendant State Farm's position that this case does involve an amount in controversy greater than $75,000 plus costs and interest."

FURTHER AFFIANT SAITH NOT.

COURTNEY R. POTTHOFF

SWORN TO AND SUBSCRIBED BEFORE ME this the **21st** day of **July, 2005**.

NOTARY PUBLIC
My Commission Expires 9-12-07