RECEIVED
2005 JUL 25 P 3:51

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY M. STANFORD and LANNIE STANFORD, *
Plaintiffs, *

v. * CASE NO. 2:05-cv-674-C

CHRISTIAN M. MITCHELL and STATE FARM FIRE & CASUALTY COMPANY, *
Defendants. *

**ANSWER OF DEFENDANT CHRISTIAN M. MITCHELL**

Comes now the defendant, Christian M. Mitchell, and for answer to plaintiffs' complaint heretofore filed says as follows:

**COUNT ONE**

1. This defendant admits that there was a motor vehicle accident on February 14, 2004 in Barbour County, Alabama on U.S. Highway 431 at or near the intersection of County Road 40 between a motor vehicle driven by Christian M. Mitchell and a motor vehicle driven by Dorothy M. Stanford. This defendant otherwise denies the allegations contained in paragraph 1 of plaintiffs' complaint and demands strict proof thereof.

2. This defendant denies the allegations contained in paragraph 2 of plaintiffs' complaint and demands strict proof thereof.

**COUNT TWO**

3. This defendant adopts his answers to each and every paragraph of Count One of plaintiffs' complaint as though fully set out herein.

4. This defendant admits that there was a motor vehicle accident on February 14, 2004 in Barbour County, Alabama on U.S. Highway 431 at or near the intersection of County Road 40 between a motor vehicle driven by Christian M. Mitchell and a motor vehicle driven by Dorothy M. Stanford. This defendant otherwise denies the allegations contained in paragraph 4 of plaintiffs' complaint and demands strict proof thereof.

5. This defendant denies the allegations contained in paragraph 5 of plaintiffs' complaint and demands strict proof thereof.

**COUNT THREE**

6. This defendant adopts his answers to each and every paragraph of Count One and Count Two of plaintiffs' complaint as though fully set out herein.

7. This defendant is without knowledge or information sufficient to answer the allegations contained in paragraph 7 of plaintiffs' complaint.

8. This defendant denies the allegations contained in paragraph 8 of plaintiffs' complaint and demands strict proof thereof.

**COUNT FOUR**

9. This defendant adopts his answers to each and every paragraph of Count One, Count Two and Count Three of plaintiffs' complaint as though fully set out herein.

10. This defendant denies the allegations contained in paragraph 10 of plaintiffs' complaint and demands strict proof thereof.

**COUNT FIVE**

11. This defendant adopts his answers to each and every paragraph of Count One, Count Two, Count Three and Count Four of plaintiffs' complaint as though fully set out herein.

12. This defendant denies the allegations contained in paragraph 12 of plaintiffs' complaint and demands strict proof thereof.

13. This defendant denies the allegations contained in paragraph 13 of plaintiffs' complaint and demands strict proof thereof.

14. This defendant denies the allegations contained in paragraph 14 of plaintiffs' complaint and demands strict proof thereof.

15. This defendant denies each and every allegation of plaintiffs' complaint not herein admitted, controverted or specifically denied.

**DEFENSES**

16. For a first, separate and distinct defense, this defendant avers that plaintiffs failed to mitigate their damages.

17. For a second, separate and distinct defense, this defendant avers that the plaintiffs were guilty of negligence which proximately caused or contributed to their injuries and damages and are therefore barred from recovery.

18. For a third, separate and distinct defense, this defendant avers that the award of punitive damages claimed by plaintiffs violates Article I, Section 10(1) and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

19. For a fourth, separate and distinct defense, this defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

20. For a fifth, separate and distinct defense, this defendant avers that the Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

21. For a sixth, separate and distinct defense, this defendant avers that under the constitutions of the United States and the state of Alabama, the Alabama Supreme

Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

22. For a seventh, separate and distinct defense, this defendant avers that to the extent that plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

23. For an eighth, separate and distinct defense, this defendant avers that with respect to the plaintiffs' demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

24. For a ninth, separate and distinct defense, this defendant avers that plaintiffs are not entitled to an award of punitive damages, and that an award of punitive damages against defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the plaintiffs is limited to the standards set out in *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

25. For a tenth, separate and distinct defense, this defendant avers that the Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by plaintiffs in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by plaintiffs in this action, and the plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

26. For an eleventh, separate and distinct defense, this defendant pleads the applicable cap.

27. For a twelfth, separate and distinct defense, this defendant avers that to the extent that the plaintiffs seek compensatory damages for mental anguish or pain and suffering in this case, any award of such damages would violate this defendant's right to procedural and substantive due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of the State of Alabama, as amended, because, among other things, of the vagueness and uncertainty of the criteria for the recovery of compensatory damages for pain and suffering; therefore, the plaintiffs cannot recover compensatory damages for pain and suffering.

28. This defendant reserves unto himself the right to file such other and further defenses as may later become apparent and applicable.

RONALD G. DAVENPORT (DAV044)
Attorney for Defendant Christian M. Mitchell

OF COUNSEL:

Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery, AL 36101
(334) 206-3100
(334) 263-7195 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing upon:

Russell Lee Irby, Esq.
Albert H. Adams, Jr., Esq.
P. O. Box 910
Eufaula, AL 36072-0910

James T. Gullage, Esq.
Gullage & Tickal, LLP
P. O. Box 711
Opelika, AL 36803-0230

Joel P. Smith, Jr., Esq.
Williams, Potthoff, Williams & Smith, LLC
P. O. Box 880
Eufaula, AL 36072-0880

by placing a true copy of same in the United States mail, postage prepaid, this 25TH day of July, 2005.

Of Counsel